UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALITTA AIR, LLC,

    Plaintiff,                                                        Civil Action No. 12-CV-13554

vs.                                                            HON. BERNARD A. FRIEDMAN

GSBD & ASSOCIATES, LLC,
FIRST INTERNATIONAL EXCHANGE CORP., INC.,
FIRST INTERNATIONAL EXCHANGE GROUP, INC.,
WILLIAM GRAY,
GARTH GOTTSCHALK,
CREE ENTERPRISES, LLC,
JUDITH CECILIA TAITE GOTTSHCALK,
STEPHEN SCOTT WESTMAN,
CYNTHIA WESTMAN,
DHAFIR D. DALALY,
HAMOOD RUNCO & FERGESTROM,
SCOTTFUEL, LLC,
OGM LTD.,
SHELDON SANDWEISS and
MICHAEL T. LYON,

    Defendants.
_____/

## ORDER DENYING DEFENDANT CYNTHIA WESTMAN'S
## MOTION TO SET ASIDE CLERK'S DEFAULT

        This matter is presently before the Court on the motion of defendant Cynthia Westman "to dismiss / set aside (Rule 60) or vacate entry of default" [docket entry 98]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion on the briefs.

        This is a multi-count, multi-defendant, fraud, RICO, conversion, breach of contract and conspiracy case. Defendant Cynthia Westman, who is representing herself, signed a Waiver of the Service of Summons form on December 20, 2012 [docket entry 68], acknowledging that she had received a copy of the complaint, that she waived formal service, and that she had 60 days from November 20, 2012, to file an answer or a motion to dismiss pursuant to Fed. R. Civ. P. 12.

        On February 21, 2013, well past the 60-day deadline to do so, defendant filed a motion to

dismiss [docket entry 89], essentially denying any involvement in the scheme alleged in the complaint. On March 4, 2013, the Court denied defendant's motion, and a similar motion filed by another defendant, for the following reason:

> These motions must be denied because they do not seek dismissal for any of the reasons listed in Fed. R. Civ. P. 12(b) (i.e., lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim or
> failure to join a required party). Defendants' argument – essentially, that they were not involved and did nothing wrong – goes to the merits of the claims, not to whether claims has been stated and are procedurally proper. Defendants therefore do not seek dismissal under Rule 12(b) but rather summary judgment under Rule 56, and generally a party may not seek summary judgment until after the opposing party has had a fair opportunity to conduct discovery.

Docket entry 91.

Pursuant to Fed. R. Civ. P. 12(a)(4)(A), defendant was required to file a responsive pleading within 14 days after receiving notice of the Court's order denying her motion to dismiss. Assuming defendant received a copy of the Court's order within three days, her answer to the complaint was due by March 21, 2013. On May 16, 2013, plaintiff requested that the clerk enter defendant's default [docket entry 94], as she still had not answered the complaint. On May 17, 2013, the clerk entered defendant's default [docket entry 96].

In the motion now before the Court, defendant asks that the clerk's default be set aside but she offers no explanation for having failed to answer the complaint, which was due more than three months ago. Without offering any detail or supporting documentation, defendant says only that she "requested an extension of time to respond to allegations from Civil Action Number 12-13554 . . . [and that] Angela Jackson, Attorney for Plaintiff granted an extension to respond due to my father's illness with cancer." Def.'s Mot. at 2. Defendant then goes on to repeat the arguments she presented in her earlier motion to dismiss, namely, that she knows nothing about plaintiff's allegations.

Under Fed. R. Civ. P. 55(c), the Court "may set aside an entry of default for good cause."

In deciding a motion under this rule, the Court must consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co., Inc. v. Seaboard Coastline RR,* 705 F.2d 839, 844 (6th Cir. 1983), *quoting Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980).  In the present case, the first factor weighs against setting aside the default, as defendant is now more than three months late in answering the complaint and the excessive tardiness appears to be willful.  The second factor weighs in favor of setting aside the default, as defendant's failure to answer does not appear to have prejudiced plaintiff.  The third factor is entitled to little weight either way, as the Court cannot evaluate defendant's defense that she has no involvement in the scheme alleged in the complaint.

In light of defendant's unexcused failure to answer the complaint, the Court shall deny her motion at this time to set aside the clerk's default.  If defendant answers the complaint within ten days of the date of this order, she may renew her motion to set aside the clerk's default.  If defendant fails to answer the complaint within ten days of the date of this order, plaintiff may file a motion for entry of default judgment against her.

SO ORDERED.

Dated:  June 27, 2013  
Detroit, Michigan

S/ Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

3