UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALITTA AIR, LLC,

    Plaintiff,                                                    Civil Action No. 12-CV-13554

vs.                                                                HON. BERNARD A. FRIEDMAN

GSBD & ASSOCIATES, LLC,
FIRST INTERNATIONAL EXCHANGE CORP., INC.,
FIRST INTERNATIONAL EXCHANGE GROUP, INC.,
WILLIAM GRAY,
GARTH GOTTSCHALK,
CREE ENTERPRISES, LLC,
JUDITH CECILIA TAITE GOTTSHCALK,
STEPHEN SCOTT WESTMAN,
CYNTHIA WESTMAN,
DHAFIR D. DALALY,
HAMOOD RUNCO & FERGESTROM,
SCOTTFUEL, LLC,
OGM LTD.,
SHELDON SANDWEISS and
MICHAEL T. LYON,

    Defendants.
_____/

**OPINION AND ORDER DENYING THE MOTION OF DEFENDANTS WILLIAM
GRAY AND THE WILLIAM GRAY TRUST FOR SUMMARY JUDGMENT**

This matter is presently before the Court on the motion of defendants William Gray ("Gray") and the William Gray Trust ("the Gray Trust") for summary judgment [docket entry 195]. Plaintiff has filed a response in opposition and defendants have filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion on the briefs.

This case involves a commercial transaction gone awry. Plaintiff Kalitta Air, LLC ("Kalitta") is a cargo airline operating from Ypsilanti, Michigan. In July 2009 Kalitta entered into a Jet Fuel Purchase Agreement ("JFPA") with GSB & Associates, Inc. ("GSB"), now known as

GSBD & Associates, Inc. ("GSBD"), whereby Kalitta would purchase jet fuel from GSB. A copy of the JFPA is attached to the First Amended Complaint ("FAC") as Ex. 1. The essence of the JFPA, and of the Escrow Agreement attached thereto as Ex. A, was that Kalitta would order fuel from GSB, monthly or as needed, and deposit the purchase price into an escrow account. GSB would deliver the fuel to a terminal in New Jersey. When the escrow agent, FIEC, received certain documentation verifying the amount and quality of the fuel GSB had delivered, FIEC was to release the escrowed funds. Gray signed the JFPA and the Escrow Agreement as GSB's managing director; Conrad Kalitta signed both documents as Kalitta's president; and G. Gottschalk signed the Escrow Agreement as FIEC's executive vice-president.

In addition to GSBD itself, the defendants in this matter are Gray (individually and as the trustee of the William Gray Trust), Cree Enterprises, LLC ("Cree") and S. Westman, all allegedly managing members of GSB; G. Gottschalk, allegedly a managing member of GSB and an agent of FIEC; J. Gottschalk, allegedly the managing member of Cree; FIEC and its alleged alter ego, FIEG; Dhafir Dalaly, allegedly the managing member of FIEC; Hamood, Runco & Fergestrom ("HRF"), a law firm whose client trust account for FIEC served initially as the escrow account at issue in this case; and True Gem Co., C. Westman, Scottfuel, LLC, OGM, Ltd., Sheldon Sandweiss and Michael T. Lyon, allegedly all recipients of a portion of the improperly disbursed escrow funds. *See* FAC ¶¶ 3-17.

Kalitta alleges, in short, that it paid far more into the escrow account than it received in jet fuel and that defendants perpetrated an elaborate scam to divert and steal the difference of approximately $4.7 million. Plaintiff alleges, among other things, that the escrow agent released escrowed funds without first receiving required documentation; that GSB delivered far less fuel than

2

plaintiff had ordered and paid for; that a GSB employee created fake invoices to convince plaintiff that plaintiff's funds were being used to purchase fuel from a third party; and that the escrow agent transferred hundreds of thousands and perhaps millions of dollars from the escrow account to various defendants (e.g., GSB, FIEC, Gray and his trust, G. Gottschalk, Dalaly, Cree, S. Westman, Sandweiss, C. Westman, OGM, True Gem and Lyon) and third parties (e.g., KeroJet, a bank in Lithuania, Dresden Bank, an individual in Russia, and an entity in Abu Dhabi) none of whom or which had anything to do with purchasing or supplying jet fuel for plaintiff. *See* FAC ¶¶ 45-55.[1]

The FAC asserts ten claims. Count I is a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), against Gray, Gottschalk, Cree, S. Westman, Dalaly, FIEC, FIEG and HRF; Count II is a claim for statutory conversion under Mich. Comp. Laws § 600.2919(A) against Gray, G. Gottschalk, J. Gottschalk, Cree, S. Westman, Dalaly, FIEC, FIEG and HRF; Counts III and IV are claims for fraud and fraud in the inducement against Gray, G. Gottschalk, S. Westman, Cree, Dalaly, FIEC, FIEG and HRF. Count V is a claim for breach of contract against GSBD, FIEC and FIEG. Count VI is a claim for common law conversion against GSBD, Gray, G. Gottschalk, Cree, J. Gottschalk, S. Westman, C. Westman, Scottfuel, Dalaly, FIEC, FIEG and HRF. Count VII is a claim for breach of fiduciary duty against Dalaly, FIEC, FIEG and HRF. Count VIII is a claim for common law conspiracy against Gray, G. Gottschalk, Cree, J. Gottschalk, S. Westman, C. Westman, Scottfuel, Dalaly, FIEC, FIEG, HRF, and GSBD. Count IX is a claim for common law concert of action against Gray, G. Gottschalk, Cree, J. Gottschalk, S. Westman, Dalaly, FIEC, FIEG, HRF, and GSBD. And Count X is a claim

---

[1] A more detailed recitation of plaintiff's allegations may be found in *Kalitta Air, LLC v. GSBD & Assocs.*, 591 F. App'x 338 (6th Cir. 2014).

against all defendants for certain equitable relief.

In addition, FIEC, FIEG and Dalaly ("the Dalaly parties") have filed a cross claim against G. Gottschalk, J. Gottschalk, GSBD, Gray and the Gray Trust, asserting a RICO claim. The Delaly parties allege that the cross claim defendants perpetrated the fraud against plaintiff as alleged in the complaint (but without the Delay parties' knowledge) by, among other things, "deceiving FIEC into unwittingly participating in the transfer of funds belonging to the Plaintiff in this matter." Cross Claim ¶ 11(b).

In the instant motion, defendant Gray and the Gray Trust seek summary judgment on all of the claims plaintiff asserts against them, i.e., Counts I, II, III, IV, VI, VIII, IX, and X. They argue that all of these claims fail because the facts show that Gray did not intend to defraud plaintiff, that he had no control over plaintiff's money and therefore could not commit conversion, that he had no knowledge of or control over the escrow account, that he made no false statements to induce plaintiff to enter into the JFPA, and that he committed no fraud or other tort that would support the conspiracy and concert of action claims. Plaintiff disputes each of these points.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence in the light most favorable to the opposing party, summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See id.* at 248-50; *Street v. J.C. Bradford & Co.*, 886

4

F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir. 1990). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Having reviewed the parties' voluminous briefs and exhibits, the Court concludes that none of plaintiff's claims can be resolved on summary judgment. As plaintiff acknowledges, "[a] RICO claim is complicated and often fact intensive," Pl.'s Br. at 17, as it certainly is in the present case. Allegations of fraud are at the heart of this case, and fraud claims generally do not lend themselves to being resolved on summary judgment due to the presence of issues regarding intent, state of mind, and credibility. As the Supreme Court has noted, "questions of subjective intent so rarely can be decided by summary judgment." *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). Further, the Court notes that defendants' motion is supported by many hundreds, if not thousands, of pages of deposition testimony from nine witnesses. Plaintiff's response is likewise supported by hundreds, if not thousands, of pages of deposition testimony from ten witnesses. These witnesses (some of whom overlap) offer conflicting testimony on critical issues. It will be for the jury, not the Court, to resolve the conflicting testimony and decide plaintiff's many claims. In short, this case

cannot be resolved on summary judgment. Accordingly,

IT IS ORDERED that the motion of defendants Gray and the Gray Trust for summary judgment is denied.

Dated: January 10, 2018      s/Bernard A. Friedman
       Detroit, Michigan          BERNARD A. FRIEDMAN
                                    SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2018.

                                    s/Johnetta M. Curry-Williams
                                    Case Manager